**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT REDMAN (in his capacity as Trustee),**

**INDUSTRY ADVANCEMENT PROGRAM/CONTRACT**
**ADMINISTRATION FUND,**

                  **Plaintiffs,**

    **v.**                                   **Case No.  14-cv-18**

**ALLEN CONSTRUCTION SERVICES, INC.,**

                  **Defendant.**

_____

**COMPLAINT**
_____

NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by John J. Brennan, and as and for a cause of action against the Defendant, allege and show to the Court the following:

**<u>Jurisdictional and Venue</u>**

1.     Jurisdiction of this Court upon Defendant Allen Construction Services, Inc. (hereinafter referred to as "Allen Construction") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. §185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-

Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Allen Construction is engaged in business with its principal place of business located in Dane County, Wisconsin.

<u>**Parties**</u>

3.      Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of §§ 3(1), (2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan.  Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4.      Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, WI  53224.

5.      Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)).  It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

6.      Allen Construction is a Wisconsin corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 310 South Industrial Park Road, Deerfield, Wisconsin 53531.  The company's registered agent for service of process is Gary E. Allen, 310 South Industrial Park Road, Deerfield, Wisconsin 53531.

## Facts

7.      Allen Construction is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

8.      For all times relevant, Allen Construction was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Carpenters' Union.

9.      The Labor Agreements described herein contain provisions whereby Allen Construction agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

10.     By execution of said Labor Agreements, Allen Construction adopted the trust  agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

11.     By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations

heretofore and hereafter adopted by the Trustees of said trust funds, Allen Construction has agreed as follows:

a.   to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the aforementioned Labor Agreements;

b.   to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the unions;

c.   to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

d.   to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

e.   to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

f.   to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

g.   to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

12.     Allen Construction has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a.     failing to make continuing and prompt payments to the Funds as required by the Labor Agreements and trust agreements for all of Allen Construction's covered employees; and

b.     failing to accurately report employee work status to the Plaintiffs.

13.     Section 502(g)(2) of ERISA, as amended by the MPPAA provides:

(2)     In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of --

(i)     interest on the unpaid contributions, or

(ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14.    Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15.    Despite demands that Allen Construction perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted and refused to make those payments.   Allen Construction is now indebted to the Plaintiff Funds as follows:

Audit Period:  October 1, 2009 through December 31, 2010:
Building Trades United Pension Trust Fund                 $17,589.21

Audit Period:  January 1, 2011 through December 31, 2011:
Building Trades United Pension Trust Fund                 $43,325.67
IAP/CA Fund                 342.14

Audit Period:  January 1, 2012 through May 31, 2012:
Building Trades United Pension Trust Fund                 $15,624.87
IAP/CA Fund                 299.04

Unaudited Period: June 1, 2012 through the Present:
Building Trades United Pension Trust Fund                 Unknown
IAP/CA Fund                 Unknown

### Claim One - Against Defendant Allen Construction Services, Inc.
### Violation of ERISA §§ 502 and 515 (29U.S.C. §§ 1132 and 1145)

16.    As and for a first claim for relief against Allen Construction, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17.    For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund and the IAP/CA Fund are hereinafter referred to as the "Funds."

–6–

18.     Due demand has been made by the Funds upon Allen Construction for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19.     Because, as the Funds are informed and believe, Allen Construction has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

20.     Because Allen Construction has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.   These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1.     Judgment on behalf of the Funds and against Allen Construction as follows:

A.     For $17,589.21 representing contributions, interest and liquidated damages due the Building Trades United Pension Trust Fund for the audit period October 1, 2009 through December 31, 2010;

–7–

B.     For $43,667.81 representing contributions, interest and liquidated damages due the Funds for the audit period January 1, 2011 through December 31, 2011;

C.     For $15,923.91 representing contributions, interest and liquidated damages due the Funds for the audit period January 1, 2012 through May 31, 2012;

D.     For unpaid contributions, interest and liquidated damages owed to the Funds for the period June 1, 2012 through the date this action was commenced;

E.     For contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

F.     Actual attorney fees and the costs of this action.

2.     For such other, further or different relief as the court deems just and proper.

Dated this 10th day of January, 2014.

s/John J. Brennan
John J. Brennan (SBN 1018604)
**The Previant Law Firm, S.C.**
1555 North RiverCenter Drive, #202
P. O. Box 12993
Milwaukee, WI  53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: jjb@previant.com

Attorney for Plaintiffs

–8–